UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

**CIVIL ACTION NO. 2013-114**

**VERONICA MORGAN**                                                           **PLAINTIFF**

**VS.**               **MEMORANDUM OPINION AND ORDER**

**HIGHLAND HEIGHTS OF
KENTUCKY, LP, et. al.**                                             **DEFENDANTS**

This is an action under the Fair Housing Amendments Act ("FHAA"), 42 U.S.C. §§ 3601, *et seq.*, and a state law defamation claim. Further, the Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) for the state law claim.

This matter is before the Court on the Defendants' motion to dismiss (Doc. 10).

**FACTS**

Veronica Morgan ("Plaintiff") lived at Hampton Farms Apartments operated by the defendants, Highland Heights of Kentucky, LP, Village Green Management Company, LLC, Tracy Roy, and Jennifer Bevins ("Defendants"). (Doc. 10 p. 2). Plaintiff requested her son, a black male, be added to the lease, which the Defendants denied. (Doc. 10 p.2). Shortly thereafter, on July 31, 2011, Plaintiff's lease was renewed by Defendants. *Id.* The renewed lease terminated on August 15, 2012. *Id.* On July 12, 2012, Defendants exercised their right to deny Plaintiff a further renewal of her lease. *Id.* Plaintiff failed to vacate the premise by August 15, 2012, the lease's termination date. *Id.*

The apartment complex initiated an eviction action against Plaintiff on August 22, 2012. (Doc. 10-1 p. 1). On August 30, 2012, the Campbell County District Court found Plaintiff guilty of forcibly detaining the apartment and ordered that she vacate the apartment by September 6, 2012. (Doc. 10-2). On September 5, 2012 Plaintiff appealed this decision to the Campbell County Circuit Court, which affirmed the District Court's prior ruling on June 17, 2013. (Doc. 10-1).

In addition, on August 30, 2012, Plaintiff filed a complaint with the Kentucky Commission on Human Rights (the "KCHR")[1] alleging that Hampton Farms' decision to deny renewal of her lease was based on racial discrimination. (Doc. 15-1). The KCHR, on February 21, 2013, denied Plaintiff's racial discrimination complaint, stating: "This complaint is dismissed with prejudice upon a finding of no probable cause to believe that the Respondent has engaged in an unlawful practice in violation of the Kentucky Civil Rights Act." (Doc. 10-3). Plaintiff failed to appeal KCHR's decision and time has expired for her to seek additional review of it.

## **ANALYSIS**

Plaintiff's complaint fails to state a clear cause of action under the FHAA. However, Plaintiff is acting *pro se* and this Court grants parties the right to freely amend their complaint. As such,

---

[1] The complaint was originally filed with the U.S. Department of Housing and Urban Development ("HUD"). (Doc. 13-1). It was referred to the KCHR as required by 42 U.S.C. 3610(f) because Kentucky's law is substantially similar to the FHAA. (Doc. 13-1 p. 5).

Plaintiff could cure this defect. Thus, the Court assumes Plaintiff has pled a proper FHAA claim.

**A. Plaintiff's FHAA claim is barred because the KCHR already decided this exact issue.**

    **1. Kentucky state administrative agency decisions are given preclusive effect.**

The Supreme Court has held that when a state administrative agency "acting in a judicial capacity ... resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts." *Univ. of Tennessee v. Elliott*, 478 U.S. 788, 799 (1986) (internal citations and quotations omitted).

"Kentucky has for many years followed the rule that the decisions of administrative agencies acting in a judicial capacity are entitled to the same res judicata effect as judgments of a court." *Godbey v. Univ. Hosp. of Albert B. Chandler Med. Ctr., Inc.*, 975 S.W.2d 104, 105 (Ky. Ct. App. 1998). The KCHR acts in a judicial capacity. *See Kentucky Comm'n on Human Rights v. Fraser*, 625 S.W.2d 852, 854 (Ky. 1981) ("The mere fact that the Commission is involved in adjudication does not in itself render the statute unconstitutional as a usurpation of judicial power.") Thus, this Court must give preclusive effect to KCHR's decisions, as it is a state administrative agency acting in a judicial capacity.

Further, KRS § 344.270 states: "A final determination by a state court or a final order of the commission of a claim alleging an unlawful practice under KRS 344.450 shall exclude any other

administrative action or proceeding brought in accordance with KRS Chapter 13B by the same person based on the same grievance." Further, the statute allows for civil remedies for civil right violations. *See* KRS § 344.450. The statute also allows for judicial review of administrative decisions, but only after the party exhausts all available administrative remedies. *See* KRS § 13B.140(2).

Plaintiff filed a complaint with the Department of Housing and Urban Development ("HUD") which referred it to the Kentucky Commission on Human Rights in accordance with 42 U.S.C. 3610(f). (Doc. 12-1). Plaintiff's complaint alleged that defendant racially discriminated against her in determining whether to renew her lease. (Doc. 15-1). The KCHR dismissed her complaint with prejudice. (Doc. 10-3).

Thus, Plaintiff's KCHR complaint, which was dismissed with prejudice, bars her from filing the same claim in this Court. Because Plaintiff failed to exhaust her administrative remedies, the administrative agency decision is final and given preclusive effect, barring Plaintiff from re-litigating the same claim here.

**2. In addition, the doctrine of issue preclusion bars Plaintiff's FHAA claim based on the KCHR's decision.**

The Kentucky Supreme Court has established four requirements for issue preclusion:

> "First, the issue in the second case must be the same as the issue in the first case. *Restatement (Second) of Judgments* § 27 (1982). Second, the issue must have been actually litigated. *Id*. Third, even if an issue was actually litigated in a prior action, issue preclusion will not bar subsequent litigation unless the issue was actually decided in that action. *Id.* Fourth, for issue preclusion to operate as a bar, the decision on the issue in the prior action must have been necessary to the court's judgment. *Id.*"

*Yeoman v. Com., Health Policy Bd.*, 983 S.W.2d 459, 465 (Ky. 1998).

Further, "[t]he doctrine of issue preclusion, which may be used either "offensively" or "defensively," allows the use of the earlier judgment by one not party to the original action to preclude relitigation of matters litigated in the earlier action." *Godbey*, 975 S.W.2d at 105. But "the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined." *City of Louisville v. Louisville Prof'l Firefighters Ass'n, Local Union No. 345, IAFF, AFL-CIO*, 813 S.W.2d 804, 807 (Ky. 1991).

Given the facts above, the four requirements for issue preclusion are satisfied here. The issue presented here is the same as presented to KCHR, the issue was actually litigated, decided, and it was necessary for judgment in the prior action. Because the requirements are met, and because Kentucky state courts would give this decision preclusive effect, Plaintiff's FHAA claim is barred from being brought in this Court.

**B. The doctrine of issue preclusion bars Plaintiff's FHAA claim based on Kentucky's Campbell County Circuit Court decision as well.**

The same issue preclusion rules apply to Kentucky state court decisions. Hampton Farms initiated an eviction action against Plaintiff when she failed to vacate her apartment after her lease terminated. The Campbell County District Court found Plaintiff guilty of forcible detainer. Plaintiff appealed this decision to the Campbell County Circuit Court, which affirmed the District Court.

Plaintiff then appealed to the Kentucky Court of Appeals, where the case is held in abeyance, awaiting her partial filing fee.

Plaintiff argued, in the Campbell County Circuit Court, that the denial of her lease renewal was based on racial discrimination, and as such, the denial violated her rights. However, the Campbell County Circuit Court held that "the lack of evidence regarding the alleged . . . racial discrimination policies and the admissions made by [Plaintiff], the District Court's findings are supported by substantial evidence." (Doc. 10-1 p. 3). Thus, the issue is the same here as before the Campbell County Circuit court, that the Defendants racially discriminated against Plaintiff, and the issue was litigated, decided and was necessary for the Campbell County Circuit Court to enter judgment. If there was evidence of racial discrimination, the Campbell County Circuit Court would not have been able to enter judgment against Plaintiff. Therefore, issue preclusion is applicable, and Plaintiff's FHAA claim is barred in this Court.

Therefore, having reviewed this matter, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** (1) that the Defendants' motion to dismiss (Doc. 10) be, and is hereby, **GRANTED AS TO PLAINTIFF'S FHAA CLAIM** and (2) Plaintiff's state law claim be, and is hereby, **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1367(c)(3).

A separate judgment shall enter concurrently herewith.

This 31st day of December, 2013.



Signed By:
William O. Bertelsman  WOB
United States District Judge